1  WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey C. Stone, Inc. d/b/a/ Summit Builders Construction Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Greenberg Traurig, LLP, et al.,<br><br>Defendants. | No. CV 09-2454-PHX-MHM<br><br>**ORDER** |

Plaintiff Jeffrey C. Stone, Inc. d/b/a Summit Builders Construction Company ("Summit") filed its original Complaint on November 23, 2009. Thereafter, on January 18, 2010, Summit filed an Amended Complaint, naming numerous Defendants and alleging violations of Federal RICO (18 U.S.C. § 1961 *et seq.*) and the Arizona Racketeering Act (A.R.S. § 13-2314.04) statutes; Securities Fraud under Federal law (28 U.S.C. § 1658(b)) and the National Securities Markets Improvement Act (§ 18(b)(4)(d)); Tortious Interference with Contract; Civil Rights Violations (42 U.S.C. § 1983); Breach of the Uniform Fraudulent Transfer Act (A.R.S. § 44-1001 *et. seq*.); and Legal Malpractice/Accounting Malpractice/Beach of Fiduciary Duty. (Doc. 68) Summit contends that it is owed more than $9 million dollars under two construction contracts that went unpaid when lender Mortgages Ltd. went bankrupt and that Defendants are liable for this debt. On January 14, 2010, Summit removed an entire probate case from state court, PB 2008-001651, <u>In the Matter of</u>

the Estate of Scott M. Coles, to this Court.

In this Order, the Court will address the Motion to Remand filed by Defendant Gerald Smith, as Personal Representative of the Estate of Scott M. Coles and Trustee of the SMC Revocable Trust UAD December 22, 1994, as amended (collectively the "Coles Estate") (Doc. 97), as well as a number of other pending motions.

**Coles Estate's Motion to Remand**

On January 14, 2010, Summit filed a notice of removal in this case, removing case number PB 2008-001651, In the Matter of the Estate of Scott M. Coles, from the probate court pursuant to 28 U.S.C. §§ 1441(a). (Doc. 66) The probate case stems from a Petition for Formal Probate of Will and involves the administration of the estate of Scott M. Coles. (Doc. 97, Exh. A) In its removal notice, Summit fails to explain with any clarity the basis for removal. Summit merely states that the Coles Estate has somehow "sought federal question jurisdiction from the Federal District Court" by filing a petition to dismiss in the probate court challenging the timeliness of certain of Summit's claims against the Coles Estate under Arizona law. (Doc. 66 at 2; Exh. 1) Summit asserts, without any explanation or authority, that allowing the probate court to exercise jurisdiction over the question of the timeliness of Summit's claims in that court "will interfere with the exercise of the Federal Court over questions of the liability of the [Coles] Estate" and that any liability determination by this Court's "will unavoidably require determination of the issue of timeliness" of the claims pending in probate court. (Doc. 66 at 2) Summit also asserts that the "Probate Court . . . has no greater expertise in the resolution of [the claims pending in the instant case] than the District Court." Summit argues that once this Court determines the timeliness issue, "all additional claims having to do with estate management, probate of the will and all other claims . . . may be remanded" to the probate court.

First, contrary to Summit's contention, the issue of the timeliness of Summit's claims in the probate court need not, and should not, be determined by this Court. Next, Summit's statement regarding the lack of expertise of the probate court with respect to the claims pending before this Court is irrelevant to the issue whether the probate case is removable.

Further, none of these claims is being litigated in the probate court. (Doc. 66, Exh. 1)

Notwithstanding the foregoing, the issue before the Court is whether a federal district court can exercise jurisdiction over an entire probate case. The Court concludes that it cannot.

As a basis for its removal, Summit cites 28 U.S.C. § 1441(a), which provides for the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." However, "[i]t is well-settled that 'a federal court has no jurisdiction to probate a will or administer an estate.'" Wisecarver v. Moore, 489 F.3d 747, 749 (6th Cir. 2007) (quoting Markham v. Allen, 326 U.S. 490, 494 (1946)). "This exception, known as the probate exception, is a practical doctrine designed to promote legal certainty and judicial economy by providing a single forum of litigation, and to tap the expertise of probate judges by conferring exclusive jurisdiction on the probate court." Id. (internal quotation omitted).

The scope of the probate exception was recently defined by the Supreme Court in Marshall v. Marshall, 547 U.S. 293 (2006). In its Response, Summit blatantly mischaracterizes Marshall as having "entirely done away with" the probate exception. To the contrary, the Supreme Court in Marshall reaffirmed the validity of the probate exception. The Court explained that many "[d]ecisions of this Court have recognized a 'probate exception,'" id. at 308, which it described as one of the "longstanding limitations on federal jurisdiction," id. at 298. The Court held that "the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." Id. at 311-12.

Here, Summit has improperly removed an entire probate case in clear contravention of the probate exception on the faulty premise that the filing of a petition to dismiss in the probate court challenging the timeliness of Summit's claims against the Cole's Estate under Arizona law somehow invoked the jurisdiction of this Court. Accordingly, the Court will grant the Coles Estate's Motion to Remand and remand the probate case to the probate court.

The Coles Estate has requested costs and attorney's fees incurred in seeking remand. Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Courts should award attorneys fees under this section "where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Specifically, such fees are merited "if, at the time the defendant filed his notice in federal court, clearly established law demonstrated that he had no basis for removal." Ortiz v. Menu Foods, Inc., 525 F. Supp. 2d 1220, 1237 (D. Haw. 2007); see also Township of Whitehall v. Allentown Auto Auction, 966 F. Supp. 385, 386 (E.D. Pa. 1997) ("This award is particularly appropriate where the lack of jurisdiction is plain in the law and would have been revealed to counsel for the defendant with a minimum of research."). Here, the law is clearly established: a probate case may not be removed to federal court. Marshall, 547 U.S. at 311-12. Summit not only fails to cite any authority to support removal, but worse, misstates the law. Accordingly, the Court will grant the Coles Estate's request for costs and attorney's fees.

Counsel for Summit is warned that any further misrepresentation of the law may result in the imposition of Rule 11 sanctions, including dismissal of this case.

Based on the foregoing,

**IT IS ORDERED** granting the Coles Estate's Motion to Remand. (**Doc. 97**)

**IT IS FURTHER ORDERED** directing the Clerk of the Court to remand case number PB 2008-001651, In the Matter of the Estate of Scott M. Coles, (**Doc. 66**) to the Superior Court of the State of Arizona in and for the County of Maricopa.

**IT IS FURTHER ORDERED** granting the Coles Estate's request for costs and attorney's fees in an amount to be determined upon the Coles Estate's compliance with the requirements set forth in Local Rule 54.2.

Defendant Greenberg Traurig LLP having filed a Motion to Dismiss Summit's Amended Complaint,

**IT IS FURTHER ORDERED** denying as moot Greenberg Traurig's Motion for

Leave to Exceed Page Limit in Connection with Greenberg Traurig's Motion to Dismiss Summit's original complaint. (**Doc. 30**)

Quarles & Brady LLP having filed an *Ex Parte* Request to Withdraw as Counsel of Record for Defendant Ashley Coles, and Ashley Coles having retained new counsel,

**IT IS FURTHER ORDERED** granting Quarles & Brady LLP's Request to Withdraw as Counsel *nunc pro tunc*. (**Doc. 153**)

Summit having filed an Amended Complaint on January 18, 2010,

**IT IS FURTHER ORDERED** denying as moot the following motions to dismiss the original complaint:

Motion to Dismiss filed by MCA Financial Group, Ltd. (**Doc. 11**)

Motion to Dismiss filed by Mayer Hoffman McCann P.C., et al. (**Doc. 19**)

Motion to Dismiss filed by CBIZ Accounting, Tax & Advisory Services, LLC (**Doc. 22**)

Motion to Dismiss filed by DeConcini McDonald Yetwin & Lacy, PC (**Doc. 29**)

Motion to Dismiss filed by Greenberg Traurig LLP (**Doc. 32**)

Motion to Dismiss filed by Mike Denning, et al. (**Doc. 63**)

Motion to Dismiss filed by Zeleznak Family Trust et al. (**Doc. 74**) The Court notes that in contrast to its Motion to Dismiss, the Zeleznak Family Trust's Reply addresses the Amended Complaint; however, this is not sufficient. The Zeleznak Family Trust may file a Motion to Dismiss the Amended Complaint if desired.

**IT IS FURTHER ORDERED** setting oral argument on August 30, 2010, from 1:30 p.m. to 4:00 p.m. on the following motions to dismiss the Amended Complaint:

Motion to Dismiss Plaintiff's Amended Complaint filed by Christopher Olson, et al. (**Doc. 79**)

Motion to Dismiss Amended Complaint filed by Francine Coles (**Doc. 81**)

Motion to Dismiss Amended Complaint filed by Greenberg Traurig LLP (**Doc. 84)**

Motion to Dismiss Plaintiff's Amended Complaint filed by DeConcini McDonald

1 | Yetwin & Lacy, P.C.  (**Doc. 91**)

2 | Motion to Dismiss Amended Complaint filed by MCA Financial Group, Ltd.  (**Doc. 94**)

4 | Motion to Dismiss Amended Complaint filed by CBIZ Accounting, Tax & Advisory Services, LLC  (**Doc. 100**)

6 | Motion to Dismiss Amended Complaint filed by Mayer Hoffman McCann P.C., et al. (**Doc. 115**)

DATED this 29th day of July, 2010.

_____
Mary H. Murguia
United States District Judge